**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**WILLIAM JUNIOR MCNEELY,**
**#1176423,**

**Petitioner,**

**v.** **Civil Action No. 2:23cv489**

**JOSEPH WALTERS, Director,**
**Virginia Department of Corrections**[1]**,**

**Respondent.**

**REPORT AND RECOMMENDATION**

This matter was referred for a recommended disposition to the undersigned United States Magistrate Judge ("the undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges.[2] By way of background, on March 25, 2025, the United States District Judge entered a Final Order ("the Final Order") adopting the undersigned's recommended disposition of Petitioner William Junior McNeely's ("Mr. McNeely" or "Petitioner") Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF Nos. 32, 37. The Final Order granted Claim 13 of the Amended Petition on the grounds that Mr. McNeely was sentenced in excess of the statutory maximum for the offense of using a firearm in the commission of a felony, and denied relief as to all other claims. ECF No. 37. The Final Order required Mr. McNeely to be resentenced according to the correct

[1] The Court substitutes Joseph Walters, the Director of the Virginia Department of Corrections, for former director Chadwick Dotson as Respondent in this matter. *See* Fed. R. Civ. P 25(d).

[2] This matter was referred to the undersigned to resolve Petitioner's Motion to Compel, ECF No. 41, which this Court interpreted as a Motion to Reopen Petitioner's Habeas Action, ECF No. 45.

statutory maximum. *Id.*

On February 6, 2026, this Court reopened Mr. McNeely's habeas case to determine whether the Circuit Court for the City of Richmond's resentencing order complies with the Final Order granting him relief. ECF No. 45. The undersigned held a hearing on this matter on May 29, 2026. ECF No. 55. For the following reasons, the undersigned **RECOMMENDS** that Mr. McNeely be resentenced to three years' incarceration for use of a firearm in the commission of a felony or be released from custody.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### 1. Factual Background

Mr. McNeely originally sought habeas relief in this Court based on his convictions in the Circuit Court for the City of Richmond ("the Trial Court"). His convictions stemmed from an incident occurring on September 23, 2020, which resulted in the Commonwealth of Virginia charging Mr. McNeely with robbery in violation of Virginia Code § 18.2-58, and use of a firearm in the commission of a felony in violation of Virginia Code § 18.2-53.1.[3] In Virginia, use of a firearm in the commission of a felony carries a mandatory minimum and maximum sentence of three years. *See* Va. Code Ann. § 18.2-53.1; *Graves v. Commonwealth*, 805 S.E.2d 226, 232 (2017) (finding that "a three-year fixed term of confinement is the only sentence available" for a conviction under Virginia Code § 18.2-53.1). Despite this, in 2021, Mr. McNeely was sentenced to five years' incarceration for that offense. As explained in further detail below, the Trial Court record consistently referred to the charge as use of a firearm in the commission of a felony but alternated identifying that offense as violation of Virginia Code § 18.2-53.1 and Virginia Code §

[3] A more fulsome recitation of the facts surrounding Mr. McNeely's charges, his state habeas petition, and his first federal habeas petition are set forth in the Court's Report and Recommendation entered on February 7, 2025. *See* ECF No. 32.

18.2-53. Virginia Code § 18.2-53 sets forth the offense of "shooting, etc., in committing or attempting to commit a felony." Va. Code. Ann. § 18.2-53. Because Mr. McNeely pleaded guilty to use of a firearm in the commission of a felony, his five-year sentence exceeded the statutory maximum. Accordingly, this Court granted relief and ordered that Mr. McNeely be resentenced according to the correct statutory maximum. In 2025, the Trial Court resentenced Mr. McNeely to the same term of incarceration—five years—based on purported "clerical errors" in Mr. McNeely's original sentencing order. Accordingly, the matter has been reopened to determine whether the Trial Court's resentencing comports with this Court's Final Order. It does not.

*a. The Record Before This Court When the R&R was Issued & when the Final Order was Entered*

As explained, the undersigned recommended partial relief on the Amended Petition because Mr. McNeely was sentenced to five years' incarceration for use of a firearm in the commission of a felony when the statutory minimum and maximum is three years. In making this finding, the Court relied on four critical parts of the record to conclude that Mr. McNeely was in fact sentenced for the offense of use of a firearm in the commission of a felony.

First, Respondent affirmatively represented to the Court in a brief that "[p]ursuant to a plea agreement, the circuit court convicted McNeely of . . . use of a firearm in the commission of a felony, in violation of Code § 18.2-53.1." ECF No. 20 at 1 (citing Mr. McNeely's plea agreement).

Second, the Court looked to the transcript of Mr. McNeely's arraignment and guilty plea held before the Trial Court on September 14, 2021. ECF No. 32 at 4 (citing Mr. McNeely's Plea Hearing, ECF No. 21 attach. 3 at 21). At that hearing, the exchange between Mr. McNeely and the clerk went as follows:

The clerk: In Case No. 20F-2764, you, the defendant, stand charge in this amended indictment that on or about September 23rd, 2020, in the city of Richmond, you, William Junior McNeely, did *unlawfully and feloniously use, attempt to use, or display in a threatening manner a firearm while committing or attempting to commit robbery* in violation of *Virginia Code 18.2-53 as amended*. How do you plead, guilty or not guilty?

Mr. McNeely: Guilty.

ECF No. 21, attach. 3 at 8 (emphasis added). During the hearing, there was reference to an "amended indictment" but no reference to what the amendment was or why it was made.[4]

Throughout that same hearing, the prosecutor, Mr. McNeely, his attorney, and the Trial Court judge all referenced Mr. McNeely's guilt regarding the "use of a firearm" or the "firearm charge." For example, the prosecutor stated: "So this is charged as a street robbery with a firearm . . ." *Id.* at 6. Mr. McNeely's attorney stated: "I think with the plea agreement today, if he is found guilty of the robbery and use of a firearm, that will likely result in some of that time if not all of that time being revoked." *Id.* at 13–14. The Trial Court judge stated: "[t]he agreement calls for you to be sentenced . . . on the gun charge to be sentenced to 5 years." *Id.* at 17. Mr. McNeely asked the Court: "the five years is for the use of a firearm or whatever. That's right? The five years is for use of a firearm?" *Id.* The Trial Court judge responded: "Right." *Id.* Finally, the Trial Court judge asked the prosecutor to provide a factual basis for the indictments in order to accept Mr. McNeely's plea. *Id.* at 21–25. The prosecutor did so and clearly set forth the factual basis for the offense of use of a firearm in the commission of a felony. *Id.*

Third, the Court looked to Mr. McNeely's plea agreement itself. ECF No. 32 at 30. The plea stated that "[i]t is the agreement of the parties that upon entry of a plea of guilty by the

[4] The amended indictment itself was not in the record before the Court at the time the Final Order was entered.

defendant to . . . use of a firearm during commission of a felony [] in violation of Virginia Code § 18.2-53." ECF No. 20, attach. 2 at 1. The "use of a firearm" language is handwritten. *Id.*

Fourth, the Court looked to Mr. McNeely's Trial and Sentencing Order. ECF No. 32 at 30–31. That order stated that Mr. McNeely pleaded guilty to use of a firearm in the commission of a felony and listed the code section as 18.2-53.1. ECF No. 20, attach. 1 at 1.

Before finding that Mr. McNeely was sentenced in excess of the statutory maximum, the Court noted these apparent inconsistencies between the use of a firearm charge and the Virginia Code section. ECF No. 32 at 30–31. The Court explained that the plea agreement cited Virginia Code § 18.2-53, but that this offense did not correspond to use of a firearm in the commission of a felony. *Id.* The Trial and Sentencing Order, however, did reflect the correct statute for use of a firearm in the commission of a felony. *Id.* The Court also noted inconsistencies with the firearm charge and portions of the Virginia Criminal Code ("VCC") but observed that VCC codes are only "used to facilitate administration and research, and shall not have any legal standing as they relate to particular offense or offenses." *Id.* at 30–33 (citing Va. Code Ann. § 19.2-390.01). The Court also observed that the record included a "Disposition Notice" issued to the "Sheriff, jail officer, or correctional officer," which stated that Mr. McNeely was convicted of shoot/stab in the commission of a felony, in violation of Virginia Code § 18.2-53. ECF No. 32 at 31 (citing ECF No. 3 at 89). That appeared to be a clear error to the Court, as there was no evidence in the prosecutor's factual proffer or elsewhere that Mr. McNeely shot a gun during his crime. *Id.* at 31.

Ultimately, based on the Respondent's representation, the transcript of Mr. McNeely's arraignment and plea, the plea agreement itself, and the Trial and Sentencing Order, the undersigned found that "the record is clear: Petitioner pleaded guilty to, was convicted of, and was sentenced for the charges of Robbery in violation of Virginia Code § 18.2-58 and Use of a Firearm

during the Commission of a Felony in violation of Virginia Code § 18.2-53.1." *Id.* at 32. Accordingly, his five-year sentence exceeded the statutory maximum for that offense. *Id.* at 33–37.

The Report and Recommendation ("R&R") advised that any party may object to the R&R within fourteen days, and that a United States District Judge would make a *de novo* determination of any objections to the R&R. *Id.* at 59–60. Respondent elected not to file an objection to the R&R, and affirmatively filed a Notice indicating that the Respondent would not do so. ECF No. 33. On March 25, 2025, the United States District Judge entered a Final Order that adopted and approved the original R&R in its entirety as the Court's own opinion, and granted the Amended Petition as to Claim 13. ECF No. 37. The Final Order directed that "Respondent **SHALL** resentence Petitioner according to the correct statutory maximum." *Id.*

*b. Mr. McNeely's Resentencing Proceedings*

Subsequently, the Trial Court held two proceedings with Mr. McNeely to accomplish his resentencing. At these proceedings, an entirely new set of facts came to light.

First, at an initial hearing on July 28, 2025, the Trial Court judge began the proceedings with a declaration that: "[i]t's a clerical error in the sentencing order . . . the federal court mistakenly believed that you were sentenced beyond what the code section allows, the three years, five years, but they got the code section wrong[.]" ECF No. 47, attach. 1 at 3, 5. Mr. McNeely had not yet been appointed an attorney when the proceedings began. *Id.* at 3. The Trial Court judge repeated to Mr. McNeely: "you were convicted of the gun charge, 18.2-53. The federal court decided you were convicted of 18.2-53.1." *Id.* at 7. The Trial Court judge also noted that Mr. McNeely's charges were "amended" on the date of the arraignment and plea. *See, e.g.*, *id.* at 5, 7, 11.

The story goes that at Mr. McNeely's plea hearing, the Commonwealth amended his indictment so that he would plead guilty to the offense "use of a firearm in the commission of a felony" but using Virginia Code § 18.2-53, in the hopes that he would ultimately serve less time. *Id.* at 1–10. The statute for use of a firearm in the commission of a felony (Virginia Code § 18.2-53.1)—the offense for which Mr. McNeely agreed he committed—carries a minimum and maximum of three years, while the statute for shoot/stab in the commission of a felony (Virginia Code § 18.2-53), carries a statutory maximum sentence of five years. The Trial Court judge declared that Mr. McNeely knowingly and intentionally pleaded guilty to Virginia Code § 18.2-53 because he would not have to serve the mandatory three years that would be required if he pleaded guilty to Virginia Code § 18.2-53.1, and sentence credits would ultimately shorten the sentence he received. *Id.* at 8–15.

The Trial Court judge also declared that the federal court got it wrong based on the clerical error in the Trial and Sentencing Order. He stated: "[t]heir whole decision is based on that point one." *Id.* at 11. Citing references to Virginia Code § 18.2-53 in the amended indictment and during Mr. McNeely's plea hearing, the Trial Court judge reiterated that he was going to fix the clerical error. *Id.* at 11–12. After engaging in a back and forth with an unrepresented Mr. McNeely about what he agreed to back in 2021 and why, the Trial Court judge appointed Mr. McNeely counsel and adjourned the resentencing to a later date. *Id.* at 7–22.

The Trial Court held Mr. McNeely's resentencing hearing on August 6, 2025. ECF No. 47, attach. 2. The Trial Court judge cited to Mr. McNeely's plea agreement, amended indictment, and the transcript of Mr. McNeely's arraignment and plea hearing to determine that Mr. McNeely pleaded guilty to use of a firearm in the commission of a felony in violation of Virginia Code § 18.2-53—not Virginia Code § 18.2-53.1. *Id.* at 4–7. The Trial Court judge then corrected the

"clerical error" in the Trial and Sentencing Order that referenced Virginia Code § 18.2-53.1 to Virginia Code § 18.2-53 and changed the offense description to Shoot/Stab in the Commission of a Felony.[5] *Id.* at 8.

The Trial Court judge then proceeded to resentencing. *Id.* at 8–14. The prosecutor explained how the plea agreement came about, and that Mr. McNeely agreed to plead guilty to 18.2-53. *Id.* She explained:

> [W]e came to the terms of we'll create this legal fallacy where we amend the code section to -- I know he's still hung up on the fact that it's shooting in the commission of a felony, and that's not what he did. But it's a legal fallacy. We created that so that we could both have what we wanted as part of the plea agreement. A certain sentence for me that was within his previous guidelines, and then a time that he would not serve the full amount to him.

*Id.* at 12. Mr. McNeely's attorney—who did not represent him during his plea agreement—then proffered this Court's R&R and Final Order to argue that Mr. McNeely's sentence for use of a firearm in the commission of a felony should be three years. *Id.* at 15–36. The Trial Court judge then announced that he sentenced Mr. McNeely to five years' incarceration, *id.* at 36, and issued an order to that effect ("the Resentencing Order"). ECF No. 49, attach. 3 at 171.

**2. Procedural Background**

The undersigned reopened this matter on February 6, 2026, based on Mr. McNeely's motion, and ordered the Respondent to file a brief explaining whether the Trial Court's resentencing order complied with this Court's Final Order. ECF No. 45. The Court further ordered that Mr. McNeely may file a brief in response within thirty days of Respondent's brief. *Id.* Respondent filed his brief on March 5, 2026, arguing that by correcting the "clerical error," the Trial Court's Resentencing Order complied with this Court's Final Order. ECF No. 47 at 13–19.

---

[5] Of course, Mr. McNeely is not alleged to have engaged in the offense "shoot/stab in the commission of a felony."

Mr. McNeely, through CJA counsel, filed a brief in support of his renewed petition on April 1, 2026. ECF No. 49.

For the reasons explained below, the Court finds that the Trial Court's Resentencing Order does not comply with this Court's Final Order.

## II. ANALYSIS

Pursuant to 28 U.S.C. § 2243, federal courts are authorized to adjudicate habeas petitions "as law and justice require" and have "substantial discretion to fashion a remedy." *Moore v. Maryland*, 163 F.4th 828, 845 (4th Cir. 2026) (citing *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987) (quoting 28 U.S.C. § 2243)). In the same vein, courts also have "substantial discretion to appropriately redress any violation of an order granting habeas corpus relief." *Wolfe v. Clarke*, 718 F.3d 277, 285 (4th Cir. 2013) (citing *Schlup v. Delo*, 513 U.S. 298, 319 (1995)); *see also FTC v. Pukke*, 53 F.4th 80, 103 (4th Cir. 2022) ("Without the ability to enforce its own orders, the judicial system becomes all bark and no bite.").

### 1. Mr. McNeely Pleaded Guilty to Use of a Firearm in the Commission of a Felony, and his Five-Year Sentence Exceeds the Statutory Maximum.

The story that Mr. McNeely entered into a legal fiction plea, proffered by the Trial Court judge and the prosecutor, was not in the record before this Court during Mr. McNeely's habeas proceedings. But regardless, under the circumstances of this case, the Court still finds that Mr. McNeely's five-year sentence for the charge of use of a firearm in the commission of a felony exceeds the statutory maximum.

This Court's determination that Mr. McNeely pleaded guilty to, was convicted of, and was sentenced to use of a firearm in the commission of a felony in violation of Virginia Code § 18.2-53.1 was, and remains, a proper finding based on the record before the Court. Despite the Trial Court judge's assertion, this Court's finding was not solely "based on that point one" in the Trial

and Sentencing Order. *See* ECF No. 47, attach. 1 at 11. As explained, this Court relied on four critical parts of the record to conclude Mr. McNeely pleaded guilty to use of a firearm in the commission of a felony. This included: (1) *Respondent's affirmative representation* that Mr. McNeely was found guilty of use of a firearm in the commission of a felony in violation of Virginia Code § 18.2-53.1; (2) the transcript of Mr. McNeely's arraignment and plea hearing, which consistently referenced the use of a firearm in the commission of a felony; (3) the plea agreement itself, which referenced the use of a firearm in the commission of a felony; and (4) the original Trial and Sentencing Order, which also referenced the use of a firearm in the commission of a felony.

The record before the Court was replete with references to the use of a firearm in the commission of a felony, as well as inconsistent citations to either the correct statute, Virginia Code § 18.2-53.1, or the incorrect statute, Virginia Code § 18.2-53, with no explanation for the inconsistency. The transcript of Mr. McNeely's arraignment and plea make no reference to the notion that Mr. McNeely would plead guilty to the use of a firearm in the commission of a felony while using the statute for shooting in the commission of a felony. Nor does the transcript reflect any reason why Mr. McNeely would do so. Based on the record before it, this Court would have no reason to piece this puzzle together and conclude that Mr. McNeely engaged in a "legal fiction" plea and was correctly sentenced to five years for a charge that carries a statutory maximum of three years.

To add insult to injury, during the resentencing proceedings, the Trial Court judge repeatedly referred to the amended indictment and the fact that Mr. McNeely's charges were amended to support the notion that Mr. McNeely pleaded guilty to Virginia Code § 18.2-53. *See* ECF No. 47, attach. 1 at 7 (Trial Court judge: "It was amended at the plea agreement hearing. It

was amended to 53 the point one was removed."), 11 (Trial Court judge: "You look at the indictment and there is no point one in the indictment."); ECF No. 47, attach. 2 at 5 (Trial Court judge: "that is consistent with the amended charge that's also in the file under the same day showing that code section. And this is in the language of the indictment.").

The amended indictment was not in the record before this Court before entry of the Final Order. However, the amended indictment has *now* been provided to the Court, and ***it too*** references both Virginia Code § 18.2-53 *and* Virginia Code § 18.2-53.1, and indicates that Mr. McNeely was charged with use of a firearm in the commission of a felony. As demonstrated by Figure 1 below, the amended indictment shows that the .1 was crossed out in one spot, but *just below*, it cited § 18.2-53.1. ECF No. 47, attach. 3.



EXHIBIT
3

**Virginia:**

**In the Circuit Court of the City of Richmond**

**John Marshall Courts Building**

December 7, 2020

The GRAND JURY charges that: 20F 2764/BAC

on or about September 23, 2020, in the City of Richmond,

**WILLIAM JUNIOR MCNEELY**

did unlawfully and feloniously use, attempt to use, or display in a threatening manner a firearm, while committing or attempting to commit robbery, in violation of Virginia Code § 18.2-53[redacted].

WJ

Virginia Code §18.2-53.1

**FOR ADMINISTRATIVE USE ONLY:** Use of a Firearm in the Commission of a Felony

VCC: [redacted]

ASL-1318-F6

WJ

Detective ~~Patricia Bruington~~, Richmond Police Department
Charles Baldwin

{ Witnesses sworn and sent by the Court to the Grand Jury to give evidence

*Figure 1*

Because the amended indictment still references *both* Virginia Code § 18.2-53 and § 18.2-53.1, it offers little support to the notion that Mr. McNeely pleaded guilty to Virginia Code § 18.2-53.

The Trial Court judge stated that he was "baffled" because the clerical error was immediately apparent to him, and he surmised that if the clerical error was raised to the federal court, this Court would have "reflected that discussion[.]" ECF No. 47, attach. 2 at 27–28. Perhaps. But it was not, and if this Court was simply confused about the Trial and Sentencing Order as the Trial Court judge suggests, it is no wonder that Mr. McNeely was also confused. Thus, the Court repeats its finding: based on the entire record before the Court, Mr. McNeely was sentenced to five years for the charge of use of a firearm in the commission of a felony.

As explained in the R&R, as a matter of Virginia law, a trial court cannot impose a sentence exceeding the statutory maximum. ECF No. 32 at 34–37; *Rawls v. Commonwealth*, 683 S.E.2d 544, 549 (2009) ("[A] sentence imposed in violation of a prescribed statutory range of punishment is void *ab initio* because the character of the judgment was not such as the [C]ourt had the power to render.") (first alteration added) (internal quotations omitted) (citation omitted). As a matter of due process pursuant to the Fourteenth Amendment, a sentence in excess of the statutory maximum violates a defendant's due process rights. *Cf. Coates v. Maryland*, 436 F. Supp. 226, 231 (D. Md. 1977) ("Inasmuch as the statutory maximum for each offense was imposed but not exceeded, no federal right of petitioner has been violated."); *United States v. Wheeler*, 886 F.3d 415, 430 (4th Cir. 2018) (citing *Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980) to explain that a sentence beyond the exercise of statutory discretion is a due process violation because a defendant has "substantial and legitimate expectation that he would be deprived of his liberty only to the extent determined by the sentencing body in the exercise of its statutory discretion").

Accordingly, the Court again finds that Mr. McNeely pleaded guilty to the charge of use of a firearm in the commission of a felony, and a five-year sentence for that offense exceeds the statutory maximum and violates his due process rights.

**2. The Resentencing Order Does Not Cure the Constitutional Defect with Mr. McNeely's Sentence.**

Before resentencing Mr. McNeely, the Trial Court judge corrected the "scrivener's error" in the Trial and Sentencing Order and issued the Resentencing Order.[6] *See* ECF No. 49, attach. 3 at 171. However, the Court finds that this "correction" does not cure the due process violation that accompanies a five-year sentence for the charge of use of a firearm in the commission of a felony. The Trial Court judge's emphasis on the clerical error in the Trial and Sentencing Order during the resentencing proceedings demonstrates a fundamental misunderstanding of this Court's rationale for granting relief. *See, e.g.*, ECF No. 47, attach. 1 ("The federal court did not realize the sentencing order contained a clerical error . . . [t]heir whole decision is based on that point one.").

The errors related to Mr. McNeely's plea extend far beyond the "scrivener's error" in the Trial and Sentencing Order, and they infected the entire record related to his plea proceedings. As explained above, the errors include that: the amended indictment contains references to both Virginia Code § 18.2-53 and § 18.2-53.1; throughout the plea hearing, all persons involved made repeated references to Mr. McNeely pleading to the gun charge; the language in Mr. McNeely's plea agreement itself referenced that he was pleading to use of a firearm in the commission of a felony; and perhaps most importantly, the record before Mr. McNeely's original plea is completely devoid of the "legal fiction" story proffered by the Trial Court judge and the prosecutor.

As far as this Court can discern, only one circuit court in the Commonwealth of Virginia has addressed the use of a "legal fiction" plea. *Commonwealth v. Ayala*, 99 Va. Cir. 374 (Fairfax Cir. Ct. 2018). After acknowledging that such pleas are a "tool parties in a criminal case may use as part of a compromise," the Fairfax County Circuit Court held that a defendant may plead guilty

[6] The Resentencing Order does not reference that Mr. McNeely engaged in a legal fiction plea. It simply states that he was convicted of Shoot/Stab in the Commission of a Felony, which of course, he did not do. ECF No. 49, attach. 3 at 171.

to a crime he did not commit only "if the court is satisfied during a plea colloquy that he fully understands that he could not otherwise be convicted of that crime and asserts that he is doing so for his own perceived benefit." *Id.* at 379–80. The Fairfax County Circuit Court advised that certain questions should be asked during a plea colloquy to ensure the legal fiction plea is entered knowingly and voluntarily. *Id.* For example, courts should ask:

> Do you realize you are pleading guilty to a crime that you factually did not commit and that, absent your guilty plea, you could not otherwise be convicted of it? Are you doing this because you do not want to take the risk that you will be found guilty beyond a reasonable doubt of a worse crime?

*Id.*

While not binding on other courts in the Commonwealth, this Court finds that such a colloquy possibly could have prevented the situation here. At Mr. McNeely's plea hearing, the Trial Court judge did not engage in any colloquy to ensure that Mr. McNeely understood he was pleading guilty to a crime that he factually did not commit.[7] *See* ECF No. 21, attach. 3 at 8–26. The transcript from Mr. McNeely's plea hearing never references shooting a gun, details about the amended indictment, or a legal fiction plea. *Id.* The Trial Court judge instead reiterated that Mr. McNeely would plead guilty and be sentenced to five years "on the gun charge." *Id.* at 17. And the factual proffer by the prosecutor supports the charge of use of a firearm in the commission of a felony. *See id.* at 21–25; *Ayala*, 99 Va. Cir. at 379 n.13 (recognizing that while not possible in every case, "it would be advisable for a prosecutor who is reducing a charge for the purposes of plea agreement to do so to a charge that could be factually supported on a proffer").

[7] At the plea hearing, the Trial Court judge asked Mr. McNeely "Do you understand these charges and what the Commonwealth would have to prove to convict you if we were to try these charges today?", to which Mr. McNeely responded, "Yeah, sort of. Yeah." ECF No. 49, attach. 4 at 197. There was no mention of the fact that Mr. McNeely would plead to shooting in the commission of a felony.

At resentencing, the Trial Court judge similarly did not engage in any colloquy with Mr. McNeely to establish that at the time of his plea, Mr. McNeely knowingly and voluntarily agreed to plead guilty to a crime he did not commit. Instead, the opposite is true. At the first resentencing hearing, after conclusively declaring that he was going to correct the "clerical error," the Trial Court judge insisted that he and Mr. McNeely "talked about it" at his plea hearing, while Mr. McNeely insisted that the elements for "shoot, stab in commission of a felony" are "completely different." ECF No. 47, attach. 1 at 8. Mr. McNeely was still unrepresented at the time. *See id.* At the second resentencing hearing, Mr. McNeely and the Trial Court judge engaged in another exchange:

> Mr. McNeely: if I had known that I could only get three years for the charge that I was initially indicted for -- because I wanted to go to trial that day. . . . [The prosecutor] could have gave me more time for the robbery and it would have equaled up to the nine years that she wanted, or whatever the case may be. I would never took five years over three years. . . no one never even told me that my charge had a three-year mandatory minimum . . . I would have never took five years over three . . . [s]o then when you asked me during the plea was it to my position you want me to accept the plea and you said okay, use of a firearm, I'm assuming I'm pleading guilty to use of a firearm. I never knew that I was pleading guilty to shoot, stab in the commission of a felony, and that charge was amended to -- for time purposes only. [] I never knew that[.]
>
> The Trial Court judge: But do you remember how you and I talked about it, how the different –
>
> Mr. McNeely: But it was never explained to me what I thought I was being sentenced to.

ECF No. 47, attach. 1 at 8.

Any discussion that the Trial Court judge and Mr. McNeely may have had about a legal fiction plea at the original plea hearing either did not occur on the record or, to the extent the Trial Court judge asserts it did, the discussion was far too vague to constitute a knowing and voluntary plea to a charge that carries a sentence in excess of the statutory maximum for the offense that Mr.

McNeely committed.[8] Ultimately at resentencing, the Trial Court judge largely relied on his own recollection, as well as the prosecutor's recollection of Mr. McNeely's plea proceedings, to conclude that Mr. McNeely engaged in a legal fiction plea and intentionally pleaded guilty to shooting in the commission of a felony in violation of Virginia Code § 18.2-53.[9]

Another consideration before the Court is that Mr. McNeely purportedly engaged in a legal fiction plea to a greater offense with a higher statutory maximum. In *Ayala*, the Fairfax County Circuit Court dealt with the possibility of a defendant pleading guilty to an offense he did not commit with a *lesser* mandatory minimum than his original charge. 99 Va. Cir. at 379–80. In contrast, Mr. McNeely purportedly engaged in a legal fiction plea to a greater offense that carries a statutory maximum that is *greater* than the statutorily authorized mandatory minimum and maximum for use of a firearm in the commission of a felony. In *Batts v. Commonwealth*, the Virginia Court of Appeals held that a jury did not have the statutory authority to impose a five-year sentence to use of a firearm in the commission of a felony, "*even with the acquiescence*" of the attorney representing the defendant. 515 S.E.2d 307, 313 (1999). Because the defendant was sentenced in excess of the statutory maximum, the Court of Appeals vacated the portion of the sentence that exceeded three years and remanded the case to the trial court to enter an order in

---

[8] Mr. McNeely's assertions that nobody explained to him the logistics of his plea are supported by the record. Whether he had those discussions off the record with his attorney is not known. *See* ECF No. 21, attach. 3 at 14 (reflecting that the proceedings paused for Mr. McNeely to discuss his plea with his attorney). But the transcript contains no evidence that Mr. McNeely was advised that he was pleading to an offense that contained a higher statutory maximum, or that he was pleading to the offense that the Commonwealth could not prove he did.

[9] At the first resentencing hearing, it was noted that Mr. McNeely's original attorney, Mr. Todd, no longer practices criminal law. ECF No. 47, attach. 1 at 2. The prosecutor indicated she copied him on emails but did not know if the email address was valid. *Id.* at 3. One attorney sitting in the courtroom offered to contact Mr. Todd, as he was representing the attorney in a personal injury matter. *Id.* at 6. As far as this Court can tell, the Trial Court judge and the prosecutor did not take the attorney up on that offer to contact Mr. Todd. Mr. Todd was not called to testify or offer a statement about his recollection of the plea at Mr. McNeely's eventual resentencing.

accordance with Virginia Code § 18.2-53.1. *Id.*; *see also United States v. Greatwalker*, 285 F.3d 727, 729-30 (8th Cir. 2002) ("There can be no plea bargain to an illegal sentence . . . Even when a defendant, prosecutor, and court agree on a sentence, the court cannot give the sentence effect if it is not authorized by law.").

Thus, even if Mr. McNeely and his attorney purportedly agreed to a greater sentence, there is no authority for the Trial Court to impose a five-year sentence for the charge of use of a firearm in the commission of a felony.

To be clear, the Court makes no opinion as to the Trial Court's ability to enter an order to correct a scrivener's error pursuant to its statutory authority under the Virginia Code. Respondent contends that the Trial Court had the authority to correct the clerical error in Trial and Sentencing Order *nunc pro tunc* pursuant to Virginia Code § 8.01-428(B). ECF No. 47 at 14–16. But the Resentencing Order does not change the Court's analysis. Even if the Trial Court judge properly exercised discretion to correct a clerical error under Virginia law, this Court's finding that Mr. McNeely was sentenced to use of a firearm in the commission of a felony is, and was, based on the totality of the record—not just the Trial and Sentencing Order.

What is clear from the record is that Mr. McNeely believed he was pleading to "the gun charge" and that he was going to receive "five years for use of a firearm[.]" ECF No. 21, attach. 3 at 17. But it is not constitutionally permissible for him to receive a five-year sentence for use of a firearm in the commission of a felony. The Court accordingly finds that the Resentencing Order does not cure the constitutional defect inherent in sentencing Mr. McNeely to five years for the charge of use of a firearm in the commission of a felony.

**3. Resentencing Mr. McNeely to Five Years' Incarceration Does Not Comply with This Court's Final Order.**

Because the Final Order determined that Mr. McNeely pleaded guilty to use of a firearm in the commission of a felony, his sentence to five years' incarceration for that charge exceeds the statutory maximum for that offense. While ultimately it is the Trial Court's Resentencing Order that did not comply with this Court's Final Order, Respondent failed to ensure compliance with the Final Order or otherwise seek relief from it.

Notably, Respondent did not seek relief from the Final Order—either by objecting to the R&R before the Final Order was issued or by seeking to set aside this Court's final judgment. The Court can understand how Respondent, like this Court and Mr. McNeely, believed that the correct offense for Mr. McNeely was use of a firearm in the commission of a felony in violation of Virginia Code § 18.2-53.1, and represented as much in his brief. But, upon receiving the R&R, Respondent could have checked with the prosecutor to determine whether there were any reasonable grounds to object. Especially because Respondent did not object, this Court would have no basis to believe that its Final Order was not based on the full story of Mr. McNeely's plea proceedings, and no basis to believe that the Trial Court would not comply with the Final Order. *See Moore v. Saul*, 822 F. App'x 183, 187 (4th Cir. 2020) (citing *Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988) for the proposition that the "court can assume that litigant acquiesces in portions of magistrate judge's report to which he does not object").

Upon learning that Mr. McNeely was resentenced to the same five-year term this Court held was unconstitutional, Respondent could have filed a motion for relief from the Final Order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. That rule allows a party to seek relief in the event of: "(1) mistake, inadvertence, surprise, or excusable neglect; [or] (2) newly discovered evidence, that with reasonable diligence, could not have been discovered in time. . . ."

Fed. R. Civ. P. 60(b). Respondent's chosen course of action—to accept the Resentencing Order in violation of the Final Order, without seeking relief from this Court—was not acceptable.

Additionally, the Court rejects Respondent's argument that the Resentencing Order complies with this Court's Final Order because the Trial Court "corrected" the Trial and Sentencing Order. ECF No. 47 at 13–18. As explained, the correction fails to address the constitutional violation at issue here and has no effect on this Court's finding that Mr. McNeely was sentenced in excess of the statutory maximum. The Trial Court judge's attempt to retroactively cure the constitutional defect and change the definition of the "correct" statutory maximum for Mr. McNeely's offense of use of a firearm in the commission of a felony does not comply with this Court's Final Order.

Respondent also argues that the Trial Court "provided McNeely a re-sentencing hearing as required by this Court's Final Order." *Id.* at 17. That argument misstates this Court's Final Order, which required that Mr. McNeely be resentenced according to the correct statutory maximum. It also ignores the entire rationale behind the Final Order, which was clear that five years exceeded the three-year statutory maximum for Mr. McNeely's conviction of use of a firearm in the commission of a felony.

Accordingly, resentencing Mr. McNeely to five years' incarceration for the offense of use of a firearm in the commission of a felony does not comply with this Court's Final Order.

**4. The Proper Remedy is for the Trial Court to Sentence Mr. McNeely to Three Years for the Offense of Use of a Firearm in the Commission of a Felony, or Release Him.**

Under the circumstances of this case, the Court finds that its previous determination was correct and enforceable. A five-year sentence for the charge of use of a firearm in the commission of a felony violates Mr. McNeely's due process rights because it exceeds the statutory maximum

of three years for that offense. This Court acknowledges that it very well may be that Mr. McNeely bargained for a legal fiction plea, but the record does not support that finding, and Mr. McNeely's plea must comport with his due process rights.[10] The Court finds again that Mr. McNeely pleaded guilty and was convicted of the offense of use of a firearm in the commission of a felony, and the only correct sentence for that offense is a term of three years' imprisonment.

This Court has the authority to enforce a writ of habeas corpus and substantial discretion to redress any violation of an order granting habeas relief. *See Wolfe*, 718 F.3d at 285; *Gentry v. Deuth*, 381 F. Supp. 2d 634, 637 (W.D. Ky. 2005) ("It is antithetical to the concept of habeas corpus for a court to have the authority to award a conditional writ to a successful petitioner, but to lack the authority to enforce the writ once the conditions contained therein are not fulfilled."), *aff'd*, 456 F.3d 687 (6th Cir. 2006). A conditional writ is appropriate where a constitutional error is curable. *Austin v. Plumley*, 565 F. App'x 175, 192 (4th Cir. 2014) (finding a conditional writ that requires resentencing to occur within a specified period appropriate).

The Court finds that to cure the constitutional defect and enforce this Court's original Final Order it is appropriate to remand this case to the Trial Court for entry of a new sentencing order that reflects a three-year term of imprisonment for Mr. McNeely's conviction of use of a firearm in the commission of a felony, in violation of Virginia Code § 18.2-53.1. In *Graves*, the Supreme Court of Virginia held that a new sentencing hearing was not necessary when a defendant was sentenced in excess of the statutory maximum for use of a firearm in the commission of a felony

[10] *But see Batts*, 515 S.E.2d at 313 (finding five-year sentence to use of a firearm in the commission of a felony exceeded the statutory maximum even though the attorney representing the defendant agreed to an enhancement); *Gibson*, 356 F.3d at 766 ("[E]ven when a defendant, prosecutor, and court agree on a sentence, the court cannot give the sentence effect if it is not authorized by law." *United States v. Greatwalker*, 285 F.3d 727, 730 (8th Cir. 2002).

because "a three-year fixed term of confinement is the only sentence available." 805 S.E.2d at 232. The same result is appropriate here.

Thus, the proper remedy here is grant a conditional writ of habeas corpus. If the Trial Court does not resentence Mr. McNeely to a three-year term of imprisonment for use of a firearm in the commission of a felony within fourteen days of the entry of a final order, Respondent must release Mr. McNeely from custody.

## IV. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Court enforce its Final Order, and grant Mr. McNeely a conditional writ of habeas corpus. The undersigned **RECOMMENDS** that the Court remand this case to the Trial Court for entry of a new sentencing order that reflects a three-year term of imprisonment for Mr. McNeely's conviction of use of a firearm in the commission of a felony, in violation of Virginia Code § 18.2-53.1, and if that is not accomplished within fourteen days of the entry of a final order, that Mr. McNeely be released. The undersigned also **RECOMMENDS** that the Court requires Respondent to file a notice within seven days of entry of Mr. McNeely's resentencing order that either (1) attaches Mr. McNeely's new sentencing order to confirm he was resentenced to three years for the offense of use of a firearm in the commission of a felony; or (2) states that Mr. McNeely was not resentenced as outlined above and that he was released in compliance with the conditional writ.

## V. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C)

and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to all counsel of record.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
August 19, 2026

Lawrence R. Leonard
United States Magistrate Judge